Lastly. The fine and warranty shall be no bar, because when the fine is *levied, the warranty descends from the son to a feme covert, 1 Rep. Archer’s case 140. Chadley’s case. If a warranty descends from a feme covert, it shall not bar the entry, here the entry is for the life of the tenants, but after their deaths the entry is lawful 44 Ass. Admitting that it shall be a bar by the warranty at common law, the statute of Westminster 2 will help him, because he claims through him who had the reversion and not through him who levied the fine. A brother was tenant in tail to him and the heirs male of his body, made a lease, for life with warranty, and died without heirs, leaving a daughter, and the eldest brother died without issue, the daughter may claim the land under the statute of Westminster 2, notwithstanding the warranty. Litt. Pl. 706. A reversion in fee expectant on an estate tail, is helped by the statute; if tenant in tail makes a feoffment in fee with warranty, and dies without issue, and the warranty descends on the reversioner, it is no bar; for the tenant in tail cannot prejudice the lessee by deed or feoffment, but the remainder is not helped. If a gift in tail be made to the eldest son by the father, and he makes a feoffment in fee with warranty, and dies without issue, and the father dies, this warranty is no bar to the youngest son. As it is a reversion and he claims through him in reversion, and the reversion came from another ancestor, the reversion is not barred, 7 E. 3. 48. 6 E. 3. 5. The statute does not speak of him in remainder. I conclude by saying that there is no discontinuance of the fee, condition, or estoppel; and that if there be any estoppel, it is helped by the statute of Westminster 2: therefore the title of Robert Povise, is the best in this case. Postea, p. 72. 2 Cr. 156 *68 and 525. Jones 208. Bendl. 174. M'William’s case, Hobart 532.